IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re: The matter of** ) | |
| ) | |
| ) | **Case No. 04-cv-334-DRH** |
| **ROBERT SCHULT,** ) | |
| ) | |
| ) | |
| **Petitioner.** ) | |

## ORDER

**HERNDON, District Judge:**

This matter coming to be heard upon the unopposed Petition to approve the assignment and transfer of certain structured settlement payments, pursuant to the Structured Settlement Protection Act (215 ILCS 153/1 et. seq.) and Chapter 55 of the United States Code - Structured Settlement Factoring Transactions, section 5891, due notice given, and the Court being fully advised, hereby **GRANTS** said motion and finds as follows:

1.  The transfer of the structured settlement proceeds (the "Assigned Payments") by *Robert Schult ("Mr. Schuh")* to Henderson Receivables as described in the petition in this matter (the "Proposed Transfer") (i) does not contravene any Federal or State statute or the order of any court or responsible administrative authority, and (ii) is in the best interest of the payee, taking into account the welfare and support of the payee's dependents;

2.  Pursuant to the Illinois Structure Settlement Protection Act, 215 ILCS 153/1 *et. seq.* (the "Illinois Act") the Court expressly finds that Henderson

Receivables provided *Mr.* **Schult** with a separate Disclosure Statement setting forth:

    a)     the amounts and due dates of the structured settlement payments to be transferred;

    b)     the aggregate amount of such payments;

    c)     the discounted present value of the payments to be transferred, which was identified as the "calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities" and the amount of the applicable federal rate used in calculating such discounted present value;

    d)     the gross advance amount;

    e)     an itemized listing of all applicable transfer expenses, other than attorneys' fees and related disbursements payable in connection with Henderson Receivables' application for approval of the transfer, and Henderson Receivables' best estimate of the amount of any such fees and disbursements;

    f)     the net advance amount;

    g)     the amount of any penalties or liquidated damages payable by **Mr. Schult** in the event of any breach of the Transfer Agreement by **Mr. Schult**; and

    h)     a statement that **Mr. Schult** had the right to cancel the Transfer Agreement without penalty or further obligation, not later than the third business day after the date the agreement was signed by **Mr. Schult.**

3.     **Mr. Schult** has been advised in writing by Henderson Receivables to seek independent professional advice regarding the Proposed Transfer and has received such advice.

4.     The Proposed Transfer is approved.

5.     Liberty **Life Assurance Company of Boston** herein known as the "Issuer" and **Liberty Assignment Corporation** known as the "Obligor", shall

forward the Assigned Payments to 321 Henderson Receivables Limited Partnership at P. O. Box 7780-4244, Philadelphia, PA 19182-4244, as follows:

- A) One (1) payment of $10K on 8/1/2008
- B) One (1) payment of $20K on 8/1/2009
- C) One (1) payment of $20K on 8/1/2010
- D) One (1) payment of $20K on 8/1/2011

6. That recipient, **Robert Schult** shall receive from Petitioner a lump sum cash payment totaling **$37,500.00.**

**IT IS SO ORDERED.**

Signed this 31st day of August, 2005.

/s/   David RHerndon
**United States District Judge**