IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: The matter of ) | |
| ) | |
| ) | Case No. 03-cv-161-DRH |
| ROBERT SCHULT, ) | |
| ) | |
| ) | |
| Petitioner. ) | |

## AMENDED ORDER

**HERNDON, District Judge:**

Pursuant to Petitioner 321 Henderson Receivables Limited Partnership's Motion to Amend August 31, 2005 Court Order (Doc. 47), the Court hereby amends its previous order entered in this matter on August 31, 2005 (Doc. 45), which granted the unopposed Petition (Doc. 42) to approve the assignment and transfer of certain structured settlement payments, pursuant to the Structured Settlement Protection Act (215 ILCS 153/1 et. seq.) and Chapter 55 of the United States Code - Structured Settlement Factoring Transactions, section 5891. Accordingly, the Amended Order states as follows:

THIS CAUSE coming for consideration of the unopposed petition of 321 Henderson Receivables Limited Partnership ("Henderson Receivables") this Court finds as follows:

1. The transfer of the structured settlement proceeds (the "Assigned Payments") by **Robert Schult** ("Mr. Schult") to Henderson Receivables as described in

1

the petition in this matter (the "Proposed Transfer") (i) does not contravene any federal or state statute or the order of any court or responsible administrative authority, and (ii) is in the best interest of the payee, taking into account the welfare and support of the payee's dependents, if any.

2. Pursuant to the Illinois Structure Settlement Protection Act, 203 ILL. H.B. § 3582 *et seq.* (the "Illinois Act"), the Court expressly finds that Henderson Receivables provided Mr. Schult with a separate Disclosure Statement setting forth:

- a) the amounts and due dates of the structured settlement payments to be transferred;

- b) the aggregate amount of such payments;

- c) the discounted present value of the payments to be transferred, which was identified as the "calculation of current value of the transferred structured settlement payments under federal standards for valuing annuities" and the amount of the applicable federal rate used in calculating such discounted present value;

- d) the gross advance amount;

- e) an itemized listing of all applicable transfer expenses, other than attorneys' fees and related disbursements payable in connection with Henderson Receivables' application for approval of the transfer, and Henderson Receivables' best estimate of the amount of any such fees and disbursements;

- f) the net advance amount;

- g) the amount of any penalties or liquidated damages payable by Mr. Schult in the event of any breach of the Transfer Agreement by Mr. Schult; and

- h) a statement that Mr. Schult had the right to cancel the Transfer Agreement without penalty or further obligation, not later than the third business day after the date the agreement was signed by Mr. Schult.

3. Mr. Schult has been advised in writing by Henderson Receivables to seek independent professional advice regarding the Proposed Transfer and has received such advice.

4. The Proposed Transfer satisfies all of the requirements of the Illinois Act and the transfer does not contravene any applicable federal or state statute, or the order of any court or other government or responsible administrative authority.

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

A. The Proposed Transfer is approved.

B. Liberty Assignment Corporation ("Liberty Assignment") shall direct Liberty Life Assurance Company of Boston ("Liberty Life") (collectively, "Liberty") to forward the Assigned Payments to 321 Henderson Receivables Limited Partnership at P. O. Box 7780-4244, Philadelphia, PA 19182-4244, as follows:

> 1 payment of $10,000.00 payable August 1, 2008; 2 payments of $10,000.00 payable August 1, 2009; 2 payments of $10,000.00 payable August 1, 2010; and 2 payments of $10,000.00 payable August 1, 2011 ("Assigned Payments")

Henderson Receivables and Mr. Schult shall notify Liberty of his then-current mailing address at least 60-days before the Periodic Payment due August 1, 2012.

C. That recipient (Robert Schult) shall receive from Petitioner a lump sum cash payment totaling **$37,500.00.**

D.   Liberty Assignment and Liberty Life are hereby discharged and immune from all liability to Robert Schult, anyone claiming through Robert Schult, or to any other person or entity (except 321 Henderson, per the terms of this Order) for the Assigned Payments.

**IT IS SO ORDERED.**

Signed this 16th day of September, 2005.

<u>        /s/              David RHerndon</u>

**United States District Judge**